INHABITANTS OF MONSON *vs.* JOHN C. TRIPP and others.

Piscataquis.    Opinion December 8, 1888.

### Note. Deed. Consideration.

A note is not without consideration because given by a grantee for a quitclaim deed of land of which the grantor had no title whatever, no misrepresentation having been made or deceit practiced; though equity might extend relief in an extreme case of the kind on the ground of mistake.

A note given to a town for a deed in its name, executed by its treasurer without any previous authority or subsequent ratification by vote of the town, is without consideration and between the parties void.

The makers are not estopped to set up such a defense in an action by the town on the note, by the fact that they in turn conveyed the same land, receiving something therefor, to still other parties.

ON REPORT.

ASSUMPSIT on the defendants' promissory note given to the town for a quitclaim deed of a lot of land, executed by the town treasurer, but without authority. It was admitted that the town had no title to the land, and defendants never had possession.

*J. F. Sprague*, for plaintiffs.

Defendants knew there was no authority for the conveyance. Chapin, town officer and clerk had notice of want of authority. *Johnson* v. *Williams*, Kan. Sup. Ct., Albany Law Journal, vol. 36, page 238. Taking quitclaim only, the defendants were put upon inquiry.

"The buyer of land is at his peril to see to the title." *Pasley* v. *Freeman*, 3 T. R., 56. Same doctrine laid down in *Hammatt* v. *Emerson*, 27 Maine, 308; *Wyman* v. *Heald*, 17 Maine, 329; *Coburn* v. *Haley*, 57 Maine, 346.

Defendants having sold and conveyed the land estopped from setting up illegality of town's deed, or denying validity of sale. *Reed* v. *Crapo*, 127 Mass. 405.

*Henry Hudson*, for defendants.

It is the established law of this state that a total failure of title is a valid defense to this note, it not being in the hands of innocent holders. *Jenness* v. *Parker*, 24 Maine, 296; *Wentworth* v. *Goodwin*, 21 Maine, 154; *Gates* v. *Winslow*, 1 Mass. 63; *Fowler* v. *Shearer*, 7 Mass. 21; *Howard* v. *Witham*, 2 Maine, 390; *Hodydon* v. *Golder*, 75 Maine, 295.

Nothing passed by the deed. *Merrill* v. *Burbank*, 23 Maine, 538.

There is no rule of law that the officers of a town must be acquainted with the contents of all its records. *Lancey* v. *Bryant*, 30 Maine, 467.

PETERS, C. J. The defendants are sued upon a note given by

them to the town of Monson for a quitclaim deed of a tract of land to which the town claimed title under a tax deed. The title of the town was utterly worthless, and admitted to be so. The proceedings were void by which it was undertaken to create the tax title. It was wild land, and neither the town nor its grantees ever had any possession of it or derived any rents or profits from it. It is also admitted that the deed to the defendants was made by a town treasurer without any vote of the town authorizing a conveyance, and that the town has never by any vote ratified the treasurer's act.

It is contended that the note is without consideration and not recoverable, for two reasons. First: Because the deed failed to convey any title whatever. We do not concur in this view. It is against our own decisions. Had the deed been authorized by the town, the town selling such title as it had or might have, without any misrepresentation or deceit on its part, the contract would have been a legal one. *Emerson* v. *County of Washington*, 9 Maine, 88. *Soper* v. *Stevens*, 14 Maine, 133. *Butman* v. *Hussey*, 30 Maine, 263. Equity will sometimes relieve parties in such transactions, on the ground of mistake, if the mistake be of a character grave enough to justify its interposition.

Secondly: The defendants claim that the note is without consideration and void because the treasurer possessed no authority to convey the property for the town. On this point the defense can be sustained. An unauthorized deed is not a deed. If a treasurer can, of his own volition, convey away the doubtful titles of his town, he may convey all its titles and property in the same way. He is not invested with any such privilege, and his act in this instance was unquestionably void.

The plaintiffs contend that the defendants are estopped to set up this point of defense, because of their after conveyances of some portions of the same land to other persons, the defendants obtaining about twenty-five dollars in all from such persons. That was a matter between the defendants and third persons in no way affecting the town, and the fairness of their after dealings, and the question whether those dealings resulted in losses or profits, we cannot take into consideration. Nor does the

bringing of a suit on the note by some town officer without any vote or instruction from the town, establish any liability upon the defendants. *Bliss* v. *Clark*, 16 Gray, 60.

*Judgment for defendants.*

DANFORTH, LIBBEY, EMERY, FOSTER and HASKELL, JJ., concurred.